FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2017 MAR 16 P 12: 11

CLERK US DISTRICT COURT

| | |
|---|---|
| Aleta Mack<br>2850 S. Quincy Street, #6022<br>Arlington, VA 22206<br>Ph: (703) 340-7979<br><br>Plaintiff,<br><br>v.<br><br>CGI Federal Inc.<br>12601 Fair Lakes Circle<br>Fairfax, VA 22033<br><br>Defendant. | Civil Action No. 1:17cv297 (TSE/MSN)<br>Jury Trial Demanded |

## COMPLAINT

COMES NOW, plaintiff, Aleta Mack ("Plaintiff", "I" or "me"), as Pro Se, alleges the following:

## INTRODUCTION

1. I file this action against CGI Federal Inc., a subsidiary of CGI Group Inc., ("CGI Federal Inc." or "Defendant") a Canadian global company that is headquartered in Montreal, Quebec, Canada to enforce Section 503 of the Rehabilitation Act of 1973, as amended ("Section 503"), 41 CFR Part 60-741 and Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12101-12117.

2. CGI Federal Inc. has denied an employment opportunity by discriminating against me, a qualified individual on the basis of my disabilities, failing to make reasonable accommodations to a qualified individual with disabilities by interacting in bad faith, causing a hostile work environment and retaliating against me on the basis of my disabilities. These claims are

supported by the facts and direct evidence that will be provided in this lawsuit.

3. My employment with CGI Federal Inc. was limited in a way that adversely affected my opportunities and status because of my disabilities while other similarly situated employees of CGI Federal Inc. and other contractors supporting the same project were allowed to telework, return to work from leave of absences and/or have quiet work areas, but CGI Federal Inc. denied those type of accommodations for me after learning of my disabilities.

4. CGI Federal Inc. engaged in discriminatory practices with malice and reckless indifference towards me as a qualified individual with disabilities and did not take affirmative actions to retain my employment.

## PARTIES

5. I am a resident of the Commonwealth of Virginia and performed work for CGI Federal Inc. in Arlington, Virginia at the location of two clients, the United States Department of State ("State Department" or "DoS") and the United States Agency for International Development ("USAID").

6. CGI Federal Inc. is located and headquartered in Fairfax, Virginia, where it conducts business.

7. CGI Federal Inc.'s parent company, CGI Group has reported a 3.9 % increase of $10.7 billon in revenue with 68,000 employees according to CGI Group Inc.'s 2016 Annual Report. CGI Group is also located in approximately 40 countries.

## JURISDICTION AND VENUE

8. This Court has jurisdiction and venue because the Defendant violated federal laws within the Commonwealth of Virginia and conducts business in Arlington, Virginia and Fairfax, Virginia.

## EXHAUSTION OF REMEDIES

9. I had filed a Complaint Involving Employment Discrimination by Federal Government Contractors or Subcontractors on July 13, 2016 with the United States Department of Labor's

Office of Federal Contract Compliance Programs ("OFCCP") based on disability discrimination and retaliation under complaint #I00200923. This complaint was updated on November 27, 2016 and again on December 28, 2016 via electronic mail ("e-mail"). I had received a Notice of Right-to-Sue on December 16, 2016 via e-mail and received via Certified U.S. Mail with Returned Receipt on December 24, 2016.

## FACTS

10. I had started my employment as a Project Administrator also known as a Consultant for CGI Federal Inc. on March 28, 2016 and classified as a regular employee on a full-time basis.

11. As a Project Administrator supporting the State Department and USAID teams, my annualized salary was $58,000.00 and included the standard employee benefits package, which included health insurance, retirement benefits, tuition assistance, paid leave and other benefits entitled to regular employees.

12. I had satisfied all of the minimum requirements for the Project Administrator position as listed on the job posting that was shared with me on February 19, 2016 after receiving an employee referral. These minimum requirements consisted of the following: (I) 3 or more years of demonstrated success provide support to large Federal IT consulting projects, (II) proven analytical thinker, problem solver, (III) strong communication skills, (IV) high level of proficiency using MS Outlook, Word, Excel, Powerpoint, and Google Docs, and (V) skilled in light Sharepoint administration (uploading documents, managing sites/libraries)

13. I am a qualified individual with disabilities involving mental and physical impairments that substantially limit my major life activities and major bodily functions. Through verbal and written requests, my physicians, specialist, and I had notified CGI Federal Inc. of my disabilities and the need for accommodations on multiple occasions starting on or about March 28, 2016

(during my first week of employment) and continuously throughout my employment with CGI Federal Inc.

14. On April 19, 2016, I had created entered a new case on HR Service Center to update my CGI Disability Accommodations Form. I also inquired on where I could send sufficient medical documentation regarding my accommodation request. The case number assigned was 174872. I had also sent an e-mail to one of my immediate supervisors, Cristina Watschke on that same date.

15. On or about April 22, 2016, I had opened a case with our online HR Service Center disclosing my disabilities with diabetes and hearing loss/tinnitus and requested for reasonable accommodation. I had received an e-mail response from Callie Lewis, Human Resources Business Partner on April 22, 2016 about this request.

16. On April 26, 2016, I had made a verbal request for accommodations during a phone meeting with Callie Lewis due to my diabetes and hearing loss/tinnitus.

17. On or about April 27, 2016, I had made a written request for accommodations via e-mail due to my diabetes and hearing loss/tinnitus to my two immediate supervisors, Cristina Watschke and Monica Rao.

18. On April 27, 2016, I had made a verbal request for accommodations during an in-person meeting with Cristina Watschke due to my diabetes and hearing loss/tinnitus.

19. On or about May 2, 2016, during a meeting to discuss onboarding tasks, I had Monica Rao for an outline or flowchart as it pertains to the onboarding process due to my challenges with poor concentration and focusing during anxiety episodes. I had also shared this request with Callie Lewis via phone during this meting with Monica Rao.

20. On May 3, 2016, after still experiencing difficulties performing my essential functions due to my

disabilities (Anxiety Disorder, Type II Diabetes, and Hearing Loss/Tinnitus), I had requested additional accommodations via email.

21. On or about May 13, 2016, I had completed the CGI Federal Self-Identification & Accommodation Request Form via HR Service Center and received an e-mail from the US Employment Compliance Team on May 13, 2016.

22. On May 24, 2016, my Primary Care Physician (Dr. Richard Simons) had completed the CGI ADA Medical Inquiry Form providing sufficient medical documentation and it was faxed on the same day by his office to Human Resources via Callie Lewis' attention. Ms. Lewis responded back via e-mail that "I will be following up with your physician regarding the information provided. Once I better understand what accommodations are needed, I will let you know how we will be moving forward." All interaction ceased between May 24, 2016 until I had sent my e-mail inquiry on June 2, 2016 to Ms. Lewis as I asked, "Can you kindly let me know the status of my reasonable accommodation request?"

23. On June 7, 2016, I had followed up again on my request for reasonable accommodations due to my anxiety disorder in writing via e-mail to Callie Lewis as I asked, "Any updates on my reasonable accommodation request as it pertains to my anxiety disorder." At this time, I still had not received an accommodation for my disability regarding anxiety disorder.

24. On June 8, 2016, I was still trying to attempt to get CGI Federal to interact with me to achieve a reasonable accommodation as I sent an e-mail to Callie Lewis stating, "Can we schedule a meeting today with you, Cristina Watschke, and myself to discuss my accommodation request?"

25. On June 9, 2016, I was called into a meeting with Sid Getz and Monica Rao at approximately 4:08 p.m. to discuss my accommodation requests regarding my anxiety disorder. After this meeting, they said one thing, but did another.

5

26. On June 10, 2016, I had made a written request for accommodation to be allowed to use a private office to perform my work from DoS via e-mail due to my anxiety disorder to Cristina Watschke and Callie Lewis to no avail.

27. On June 10, 2016, there was a meeting scheduled later in the afternoon at approximately 3:00 p.m. with Callie Lewis, Sid Getz, Cristina Watschke, and myself, which my accommodation request went to no avail.

28. On June 21, 2016, I had asked via e-mail for a phone meeting with Callie Lewis to discuss my alternative accommodation request due to my anxiety disorder.

29. On July 5, 2016, I had received an unexpected MS Outlook calendar invite for a meeting for the same date at approximately 11:30 a.m. without any prior notifications. During this meeting, I was issued a written warning by Sid Getz for alleged incidents from a month prior that was bogus. The two charges listed on the Written Warning are bogus because it alleges I had raised my voice on a date prior to June 9, 2016, but this did not happen in a disrespectful manner as I am being penalized for one of my disabilities of hearing loss/tinnitus as my employer is aware of how my medical condition may affects the volume of my speech and the incident mentioned on June 21, 2016 did not occur. I believe these incidents are directly tied to my request for accommodation, which they have not interacted with me in good faith.

30. On August 10, 2016, I had made a written request for accommodation due to my anxiety disorder to Jennifer Maughlin, Callie Lewis, Sid Getz, and Cristina Watschke. Ms. Maughlin had response was "We have made all the accommodations that we have received from your doctor. For any further accommodations, please have your doctor complete the Medical Inquiry form..." My request was ignored.

31. On or about August 17, 2016, my Otolaryngology/ Ear, Nose, and Throat Physician (Dr. Ashkan

Monfared) had completed the CGI ADA Medical Inquiry Form providing sufficient medical documentation about my hearing loss/tinnitus caused by acoustic neuroma (noncancerous brain tumor) and it was faxed on the same day by his office to Human Resources via Jennifer Maughlin's attention.

32. On October 17, 2016, my Primary Care Physician (Dr. Richard Simons) had completed another CGI ADA Medical Inquiry Form providing more information about my anxiety disorder along with a recommendation for an accommodation such allowing me to telework. Telework during an heighten episode of anxiety would have been an effective and reasonable accommodation. However, CGI Federal denied this accommodation to me, but allowed other similarly situated employees such as Virginia Sunderlin, Project Administrator and others who held the same position as the plaintiff. There is numerous records from our State Department of Offsite Work Logs as proof.

33. By denying me an effective and reasonable accommodation that was provided to other non-disable CGI Federal Inc. employees and the continuous ridicule from my immediate and other supervisors, this caused a hostile work environment.

34. After taking a leave of absence due to my anxiety disorder in November 2016, I was informed by Leslie Hooper, Human Resources Business Partner to roll off the project.

35. On January 13, 2017, I had received an e-mail from Leslie Hopper stating that "CGI is contractually obligated to comply with the State Department's determination and unfortunately, the project administrator position had to be filled during your extended absence due to the needs of the business". My leave of absence due to a heightened anxiety episode was less than 11 weeks and other CGI Federal Inc. employees were able to return to work after much longer leave of absences.

36. After receiving a release to return to work on February 1, 2017 from my specialist, I was informed by Leslie Hopper that CGI Federal Inc. was giving me a period of 30 days to find a position by March 2, 2017 or take an unpaid personal leave of absence. If I did not accept the offered unpaid leave of absence, then CGI Federal Inc. would consider my employment terminated. Before and after my return to work, I had requested to be accommodated by returning to the Project Administrator position, however, CGI Federal Inc. denied this request. As a last ditch effort, on or about February 7, 2017, I had requested to be reassigned to a vacant position, this request was also denied by CGI Federal Inc., even though, they had multiple vacant positions such as Executive Assistant (Position ID #J0916-0099), Budget/Travel Analyst (Position ID #J1116-2925), Data Analyst (Position ID #J0816-2163), and Administrative Assistant (Position ID #J0816-2343) among several more that were identified by me that I had qualified for. However, CGI Federal Inc. failed to accommodate.

37. I had searched diligently for a position both internally with CGI Federal Inc. and externally, but on March 2, 2017, I was informed by Leslie Hopper via e-mail that an asset box was being sent to me to return CGI Federal Inc. property.

38. On March 2, 2017, I was constructively discharged from my employment with CGI Federal Inc. as CGI Federal Inc. offered an unpaid personal leave of absence or consider my employment terminated with the company, which was not an effective accommodation for a qualified individual with disabilities.

39. I believe I have been discriminated against on the basis of my disabilities, failed to make reasonable accommodations to a qualified individual with disabilities by interacting in bad faith, caused a hostile work environment and retaliated against me on the basis of my disabilities for engaging in protected activity, in violation of the Section 503 of the Rehabilitation Act of 1973,

as amended and the Americans with Disabilities Act of 1990, as amended.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

40. Requiring Defendant to reinstate Plaintiff's employment at CGI Federal Inc.;

41. Awarding Plaintiff compensatory damages to include, by not limited to, back-pay, front-pay, lost vacation time, lost sick-leave, lost health benefits, and lost retirement contributions, in an amount to be determined by a jury, plus statutory interest;

42. Awarding Plaintiff emotional distress, pain, and suffering damages;

43. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

44. Awarding Plaintiff the costs of this lawsuit, any attorneys' fee and expert witness fees; and

45. Any such other relief as is just.

Plaintiff demands trial by jury as to all issues.

Dated: March 16, 2017

Respectfully submitted,

By: _____

Aleta Mack, Pro Se
2850 S. Quincy Street, #6022
Arlington, VA 22206
Ph: (703) 340-7979
E-mail: aletamack@yahoo.com

City/County of Arlington
Commonwealth of Virginia
The foregoing instrument was acknowledged before me this 16 day of March, 2017 by Aleta Mack

_____
Notary Public's signature
Notary registration number:_____
My commission expires: _____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing

(1) _Complaint_ ,was mailed this (2) _16th_ Day of (3) _March 2017_, to (4) _CGI Federal Inc._ at (5) _12601 Fair Lakes Circle, Fairfax, VA 22033_.

_____
(Your Signature)

### Instructions

YOU must send a copy of every motion, pleading or document to the defendant(s) or counsel for defendant(s). If you do not send a copy to the defendant(s) or counsel for the defendant(s), the court will not be able to consider your document.

You must prepare and submit one certificate of service for EACH motion, pleading, or document you wish to have considered by the court.

Complete each blank as directed:

(1) Describe the document you are submitting to the court and sending to the defendant(s). (Remember: you should attach a Certificate of Service to each motion, pleading, or document you wish to have considered by the court.)

(2) Day of the month that you give the document to officials for mailing to the defendant(s) or counsel for the defendants(s).

(3) Month and year.

(4) Name of person(s) to whom you are sending a copy of the document. If you send it directly to the defendant(s), list each defendant to whom you send a copy. If you send it to counsel for the defendant(s), list only the name(s) of counsel.

(5) Address(es) that copy is being mailed to.

**NOTE: YOU MUST SIGN THIS FORM.** The court will not accept this form without an original signature.

## CERTIFICATION

I declare under penalty of perjury that:

(1) No attorney has prepared, or assisted in the preparation of this document.

*Aleta Mack*
Name of *Pro Se* Party (Print or Type)

*Aleta Mack*
Signature of *Pro Se* Party

Executed on: March 16, 2017 (Date)

### OR

(2) _____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)

43